UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DELBERT J. HUBBERT ,

       Plaintiff,

v.                                        Case No. 2:06-cv-260
                                        HON. R. ALLAN EDGAR

PRUDENTIAL INSURANCE COMPANY
OF AMERICA d/b/a SERVICEMEMBERS'
GROUP LIFE INSURANCE,

       Defendant.

_____/

**MEMORANDUM**

Plaintiff Delbert J. Hubbert brings claims for breach of contract and bad faith refusal of

insurance proceeds against Defendant Prudential Insurance Company of America d/b/a

Servicemembers' Group Life Insurance ("Prudential" or "SGLI").  Prudential moves to dismiss

Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's claims are

preempted by the federal Servicemembers' Group Life Insurance Act, 38 U.S.C. §§ 1965 *et seq.*

("SGLIA").

After a review of the record and the arguments made by the parties, this Court concludes

that it will GRANT Prudential's motion to dismiss in part and DENY the motion in part.

I.       **Background**

Plaintiff's son, Brandon Hubbert, was an Active Duty Member of the United States Coast

Guard stationed in Topeka, Kansas.  [Court Doc. No. 1-1, Complaint, ¶ 6].  On December 9,

2003 Brandon Hubbert completed a form entitled Servicemembers' Group Life Insurance

Election and Certificate electing life insurance coverage in the amount of $250,000.  Complaint,

¶ 7; [Court Doc. No. 1-3].  This form designated Plaintiff as the sole principal beneficiary of the life insurance proceeds and Plaintiff's wife, Brandon's mother, as the sole contingent beneficiary. *Id.*  The complaint alleges that Prudential issued the life insurance policy through the Office of Servicemembers' Group Life Insurance ("OSGLI"), an entity formed by the United States government.  *Id.*

Following his initial designation in December of 2003, on April 25, 2005, Brandon attempted to complete another form denying life insurance coverage.  Complaint, ¶ 8.  He left the beneficiary fields blank, and he placed an "X" beside the box that indicated, "Decline insurance coverage."  [Court Doc. No. 1-4].  He signed and dated the form at the bottom of the page.  However, in the upper middle section of the form he left the field entitled "Amount of Insurance" blank.  *Id.*  This section stated in part, "*[i]f you do not want any insurance*, check the appropriate block below and write (in your own handwriting), 'I do not want insurance at this time.'"  Brandon left blank both the coverage amount and the line for indicating in his own handwriting that he did not want any insurance.  *Id.*

After Brandon completed the form on April 25th, Prudential did not cancel the insurance and continued to deduct premiums from Brandon's pay.  On August 15, 2005 Brandon committed suicide at the Plaintiff's home in Bruce Township, Michigan.  On August 22, 2005 OSGLI sent Katrina Hubbert, Brandon's wife, a letter indicating that Brandon's life insurance benefits would be paid "By Law" and that she could file a claim for the proceeds.  [Court Doc. No. 1-5].  The letter informed Ms. Hubbert that beneficiary amounts payable "By Law" went to spouses first.  *Id.*

On November 10, 2005 Plaintiff requested the proceeds from Brandon's life insurance

policy from OSGLI.  OSGLI informed Plaintiff on February 1, 2006 that Brandon's life insurance proceeds would be paid "By Law" according to the latest beneficiary designation form on file dated April 25, 2005. Complaint, ¶ 13.  Plaintiff now seeks the proceeds for Brandon's life insurance from Prudential.

Count one of the complaint states a claim for breach of contract.  The complaint alleges that Prudential treated Brandon's attempt to decline the continuation of life insurance as invalid. It states, "[t]he payment of proceeds from the SGLI policy is governed by 38 USC § 1979 and 28 CFR § 9.4(a)." Complaint, ¶ 20.  Plaintiff states that the failure to pay him the proceeds of the life insurance policy "constitutes a breach of the life insurance policy."  Count two of the complaint alleges that Prudential's action "constitutes an unfair trade practice pursuant to the Uniform Trade Practices Act, MCLA 500.2006."  Complaint, ¶ 30.

## II.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).  In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must read all well-pleaded allegations of the complaint as true."  *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)).  In addition, a court must construe all allegations in the light most favorable to the plaintiff.  *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)).  The Sixth Circuit has explained that a court must " 'take the plaintiff's factual allegations as true and if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief, then . . . dismissal is proper.' "  *Weiner*, 108 F.3d at 88 (quoting *Forest v.*

*United States Postal Serv.*, 97 F.3d 137, 139 (6th Cir. 1996)); *Grant v. Hollenbach*, 870 F.2d

1135, 1138 (6th Cir. 1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2

L.Ed.2d 80 (1957)).  The complaint "must contain either direct or inferential allegations with

respect to all material elements necessary to sustain a recovery under some viable legal theory."

*Weiner*, 108 F.3d at 88 (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## III.    Analysis

In 1965 Congress enacted the SGLIA "to make life insurance coverage available to

members of the uniformed services on active duty, particularly in combat zones."  *Ridgeway v.*

*Ridgeway*, 454 U.S. 46, 50, 102 S.Ct. 49, 52, 70 L.Ed.2d 39 (1981).  In *Ridgeway* the U.S.

Supreme Court addressed whether a state divorce decree, which provided that insurance proceeds

should go to a service member's children, was a superior claim to the service member's

designation of his current wife as a beneficiary to his life insurance proceeds pursuant to the

SGLIA.  In determining that the service member's designation of his current wife as the

beneficiary prevailed, the Supreme Court concluded that "the controlling provisions of the

SGLIA prevail over and displace inconsistent state law."  *Id.* at 57, 102 S.Ct. at 60.

Since *Ridgeway* federal courts have held that the SGLIA preempts state causes of action.

For example, in *Parker v. Office of Servicemembers' Group Life Insurance*, the district court

addressed whether the SGLIA preempted plaintiff's state law claims for negligence, breach of

contract, fraud and bad faith.  91 F.Supp.2d 820, 821 (E.D. Pa. 2000).  In concluding that the

SGLIA preempted the state law claims, the court noted:

> If defendants were subject to liability under the various state laws for their actions
> in making policy determinations under the SGLIA, the uniform life insurance
> program for the members of the armed forces and their beneficiaries would no

longer be uniform. . . . Depending on what state law may apply, some
beneficiaries might not be able to collect all of their rightful benefits as envisioned
by Congress.  Others might be able to obtain more than the face amount of the
policy because of state bad faith or other causes of action.  Some might be able to
collect counsel fees and others not.  There might also be inequities due to the
vagaries of the various state conflict of laws rules.  We do not think that Congress
intended such diverse results, particularly because the United States is the
policyholder and is subsidizing the program.

*Id.* at 826 (citation omitted).  *See also Rice v. Office of Servicemembers' Group Life Ins.*, 260

F.3d 1240, 1246 (10th Cir. 2001) (noting that the SGLIA "preempts state law determining the

right to a policy's proceeds"); *Prudential Life Ins. Co. v. Music*, 977 F.Supp. 842, 846 (W.D.

Mich. 1997); *Brewer v. Zawrotny*, 978 F.2d 1204, 1206-07 (10th Cir. 1992) (noting that "[w]e are

not alone in construing the SGLIA strictly to preempt application of a state law which would

result in the distribution of insurance proceeds to persons other than those designated by the

insured").

     In this action Plaintiff does not disagree that the SGLIA preempts state law claims.

Plaintiff further does not contend that this Court should decline to dismiss his claim based on the

Michigan Uniform Trade Practices Act, Mich. Comp. Laws § 500.2006.  This claim appears to

be purely a state law claim and does not reference the SGLIA or other federal law in any way.

Therefore, because the SGLIA preempts state law claims relating to the right to policy proceeds,

the Court will DISMISS Plaintiff's claims pursuant to the Michigan Uniform Trade Practices

Act.

     Although Plaintiff recognizes that the SGLIA preempts state law claims, he argues that

his claim for breach of contract is a claim arising under the SGLIA and therefore, should not be

dismissed.  Federal courts have held that a cause of action exists under the SGLIA for a

beneficiary of a life insurance policy to pursue a claim against the insurer for the proceeds of that policy. *See Parker*, 91 F.Supp.2d at 825; *Rice*, 260 F.3d at 1246; *Cotton ex rel. Boynton v. Prudential Ins. Co. of America*, 2006 WL 212016 *3 (N.D. Fla. 2006).

Further, federal courts have determined that "when a complaint seeks to recover benefits pursuant to a SGLI policy, the claim arises under federal law." *Cotton v. Prudential Ins. Co. of America*, 391 F.Supp.2d 1137, 1139-40 (N.D. Fla. 2005)(citing *Rice*, 260 F.3d 1240; *Prudential Ins. Co. of America v. Athmer*, 178 F.3d 473, 475 (7th Cir. 1999); *Prudential Ins. Co. of America v. Tolbert*, 320 F.Supp.2d 1378 (S.D. Ga. 2004)).  In one case a district court found a federal question in a complaint seeking benefits pursuant to an insurance policy governed by the SGLIA even though the complaint did not cite the federal statute. *See Beheler v. Prudential Ins. Co. of America*, 1989 WL 69975 *1 (S.D. Tex. 1989) (noting that "federal law is the basis of an action for the proceeds of a Servicemen's Group Life Insurance policy").

In this action Plaintiff's complaint states a claim for breach of contract.  [Court Doc. No. 1-1].  Prudential argues that this is a state law claim, preempted by SGLIA.  Plaintiff responds that the breach of contract claim is a claim arising under SGLIA and not a state law claim.  The complaint mentions the SGLIA specifically, stating, "[t]he payment of proceeds from the SGLI policy is governed by 38 U.S.C. § 1979 and 38 C.F.R. § 9.4(a)." *Id.* at ¶ 20.  Plaintiff claims that Prudential breached the terms of the life insurance policy by failing to pay him the proceeds.  38 U.S.C. § 1979 relates to the incontestability of insurance coverage issued under the SGLIA. *See* 38 U.S.C. § 1979.  38 C.F.R. § 9.4(a) relates to designation of beneficiaries under the SGLIA.  38 C.F.R. § 9.4(a).

Upon review of the complaint, this Court concludes that Plaintiff's breach of contract

claim is not a state law claim preempted by SGLIA.  The complaint specifically references the

SGLIA and its regulations.  Further, as noted *supra*, federal courts recognize a federal cause of

action for proceeds from an SGLI life insurance policy.  This Court must " 'take the plaintiff's

factual allegations as true'" and only dismiss a claim " 'if it appears beyond doubt that the

plaintiff can prove no set of facts in support of its claims that would entitle it to relief.' " *Weiner*,

108 F.3d at 88 (quoting *Forest*, 97 F.3d at 139).  Applying this standard in this action, the Court

finds that Plaintiff states a cause of action under the SGLIA for insurance proceeds.  The

complaint references an SGLIA provision specifically and does not state that its breach of

contract action is based on Michigan state law.  Therefore, this Court will DENY Prudential's

motion to dismiss with respect to Plaintiff's claim for breach of contract.

## IV.    Conclusion

After reviewing the record and the applicable law, the Court concludes that Defendant

Prudential's motion to dismiss will be **GRANTED** in part and **DENIED** in part.

A separate order will enter.


Dated: 4/3/07                                    */s/ R. Allan Edgar*
_____                  _____
                                          R. ALLAN EDGAR
                                          UNITED STATES DISTRICT JUDGE